IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>MATTHEW LOPES REVENUE<br>OFFICER, INTERNAL REVENUE<br>SERVICE<br><br>v.<br><br>MICHAEL J. AMABILE | :<br>:<br>: CIVIL ACTION No. 11-6591<br>: CIVIL ACTION No. 11-6592<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

AND NOW, this 12th day of April, 2012, upon consideration of defendant Michael J. Amabile's: (1) Petition for Proof that U.S. Attorney General's Office has Lawful Delegated Authority to Defend Plaintiff Matthew Lopes and Internal Revenue Service (Dkt. No. 24); (2) Affidavit and Verification Regarding Verified Demand for Proof of IRS' Jurisdiction (Dkt. No. 31); (3) Memorandum of Law in Support of Defendant's Due Process Right to Be Heard (Dkt. No. 27); (4) Affidavit Filed in Support of His Due Process Right to Be Heard by Counsel of His Choice (Dkt. No. 26); (5) Affidavit Regarding Exculpatory Evidence Disclosed to Assistant United States Attorney (Dkt. No. 32); (6) Affidavit and Exculpatory Evidence Regarding Statutory Exclusions from Gross Income (Dkt. No. 30); and (7) Answer to Plaintiffs' Consolidated Response to Defendant's Motion to Dismiss and Related Filings (Dkt. No. 29); and plaintiff's consolidated response to defendant's above-listed pleadings (Dkt. No. 36), it is ORDERED that all of the above-listed motions, petitions or affidavits are DENIED.

It is FURTHER ORDERED that on or before April 20, 2012:

(1) Mr. Amabile shall produce to IRS officer Matthew Lopes all non-privileged documents responsive to the IRS summons; and

  (2) Mr. Amabile shall produce to the Court any documents responsive to the IRS summons that he believes to be protected by the Fifth Amendment, along with a privilege log identifying each such document so that the Court may make a determination as to whether he must provide to the Government any or all of the documents in question.[1]

                *s/Thomas N. O'Neill, Jr.*
                THOMAS N. O'NEILL, JR., J.

---

[1] If Mr. Amabile fails to comply with the Court's Order, he may be held in civil contempt. Mr. Amabile should recognize that if, upon application by the Government, he is ultimately held in civil contempt, he may be ordered to surrender to the custody of the U.S. Marshal and may remain in the custody of the U.S. Marshal until such time as he shall obey the Court's orders. "It is with the greatest reluctance that the court will order a citizen held in custody for the violation of a civil order . . . . That said, a society that governs itself under the rule of law cannot permit its citizens to pick and choose which among the laws they will or will not obey, at least if that society is to long endure." United States v. Puccio, 812 F. Supp. 2d 105, 109 n.7 (D. Mass. 2011).