IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA and : <br> MATTHEW LOPES REVENUE : <br> OFFICER, INTERNAL REVENUE :    CIVIL ACTION No. 11-6591 <br> SERVICE :    CIVIL ACTION No. 11-6592 <br> : <br> v. : <br> : <br> MICHAEL J. AMABILE : <br> : | |

O'NEILL, J.                                                                                                                                           June 4, 2012

**<u>MEMORANDUM</u>**

       Mr. Amabile remains in violation of this Court's December 20, 2011 and April 12, 2012 Orders which required him to produce to IRS officer Matthew Lopes all non-privileged documents responsive to the IRS summonses at issue in the above-captioned matters and which required him to produce to the Court any documents responsive to the summonses that he believes to be protected by the Fifth Amendment. To date, Mr. Amabile has not produced any documents to the Government or to the Court. Thus, on May 14, 2012, the Government filed a Motion to Enforce a Court Order, seeking to ensure that Mr. Amabile obeys the Court's Orders and complies with the IRS's summonses. The Government asks the Court to exercise its power pursuant to 26 U.S.C. § 7604(b), which allows the Court, when faced with a person who has not complied with an IRS summons, "to issue an attachment . . . for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case . . . to enforce obedience to

the requirements of the summons and to punish such person for his default and disobedience."[1] 26 U.S.C. § 7604(b).

In his pleadings filed on May 29, subsequent to the Government's filing of its Motion to Enforce a Court Order, Mr. Amabile states that he has proposed to meet with plaintiff Matthew Lopes in June so that "they can sit down and have a frank, amicable discussion about the two IRS summonses." (Dkt. No. 46 at 13.) Nowhere in his filings, however, does Mr. Amabile contend that he intends to comply with the Court's December 20, 2011 and April 12, 2012 Orders and produce the documents sought by the IRS's summonses. Instead, he continues to make arguments consistent with those that Court has rejected in its prior Orders including, inter alia: (1) that the Assistant U.S. Attorneys who represent the Government lack "lawful delegated authority to appear on behalf of Lopes and the IRS" (Dkt. No. 49 at 3); (2) that his "constitutional right to pursue his personal liberty and happiness, by entering into private contracts to sell his private labor, in order to support his family, cannot be impaired taxed or abrogated by the Plaintiffs, their alleged attorneys, or by the Court" (Dkt. No. 45 at 26); (3) that the Court lacks jurisdiction because he "was domiciled without the federal territory that comprises the judicial district for the United States District Court for the Eastern District of Pennsylvania" (Dkt. No. 45 at 3); and (4) that he did not receive proper prior notice that his non-lawyer "Power of Attorney" could not speak on his behalf at the show cause hearing in this matter. (Dkt. No. 49 at 4.) Mr. Amabile's arguments remain without merit and do not provide him with a legitimate

---

[1] The Government has not alleged that Mr. Amabile has committed a crime in its petitionto the Court for a warrant for Mr. Amabile's arrest. See Dkt. No. 45 at ¶ 75 (setting forth Mr. Amabile's argument that he "has committed no crime" and "that the exercise of his constitutional right to pursue his personal liberty and happiness by entering into private contracts to sell his private labor, cannot be converted into a crime.").

basis for failing to comply with the Court's Orders or the IRS's summonses.

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, . . . as . . . (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401.  A district court can use civil contempt "to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience." McDonald's Corp. v. Victory Invs., 727 F.2d 82, 87 (3d Cir. 1984) (citations omitted); see also United States v. Basil Inv. Corp., 528 F. Supp. 1225, 1229 (E.D. Pa. 1981) (citation and internal quotation omitted) ("The methods that may be employed to coerce a recalcitrant party in a contempt situation are many and varied, . . . they include indeterminate periods of confinement and day-to-day fines until there has been compliance.").  Accordingly, I will grant the Government's motion and will order Mr. Amabile to appear for a hearing at which he will be required to show cause why he should not be held in civil contempt of the Court, incarcerated and/or ordered to pay a daily fine until he complies with the Court's December 20, 2011 and April 12, 2012 Orders.

At the hearing, the Government must prove by clear and convincing evidence that valid court orders existed, that Mr. Amabile had knowledge of the orders, and that Mr. Amabile disobeyed the orders.  See Roe v. Operation Rescue, 919 F.2d 857, 868-69 (3d Cir. 1994).[2]  The burden then shifts to Mr. Amabile to raise a defense on an appropriate ground.  "Legal defenses to civil contempt include substantial compliance with the order, defined as having taken all reasonable steps to comply with the court order." United States v. Lopez, 08-00752, 2010 WL

---

[2]  From the facts presently before me, it appears that the Government will readily be able to meet its burden unless before the hearing Mr. Amabile complies with the terms of the Court's December 20, 2011 and April 12, 2012 Orders.

716163, at *4 (E.D. Cal. Mar. 1, 2010), citing Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 466 (9th Cir. 1989). "A contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed; it does not permit a retrial of the original controversy or an assertion of lack of possession at the time the order was made." [3] Id. "[G]ood faith is not a defense to civil contempt." De Lage Landen Operational Servs., LLC v. Third Pillar Sys., Inc., No. 09-2439, 2011 WL 239174, at *2 (E.D. Pa. Jan. 26, 2011), citing FTC v. Lane Labs-USA, Inc., 624 F.3d 575, 582 (3d Cir. 2010). If, at the hearing, Mr. Amabile is unable to provide the Court with a valid basis for failing to comply with the Court's Orders and for not producing the information required by the IRS's summonses, the Court will have no choice but to order that Mr. Amabile be held in civil contempt.[4] See, e.g. United States v. Asero, No. 07-MC-334, 2009 WL 580428, at *3 (E.D.N.Y. Mar. 5, 2009) (holding the defendant in civil contempt where he "ha[d] not diligently attempted to comply with [the Court's] Order to produce documents"); United States v. Chastain, No. 606-CV-50 HL, 2006 WL 3498166, at *2 and *3 n.3 (M.D. Ga. Dec. 4, 2006) (rejecting the defendant's argument that "he is not a citizen of the United States, but instead merely a citizen of the State of Georgia" and holding him in contempt

---

[3] Mr. Amabile has not alleged that he is unable to produce the particular documents sought by the IRS.

[4] Mr. Amabile should be prepared for the possibility that if he is found to be in contempt he will be arrested and taken into custody by a U.S. Marshal immediately following the hearing. He may be incarcerated, without bail, until he purges himself of contempt and complies with the Court's December 20, 2011 and April 12, 2012 Orders by producing for examination the documents demanded in the IRS's summonses. The Court reiterates that "[i]t is with the greatest reluctance that the court will order a citizen held in custody for the violation of a civil order . . . . That said, a society that governs itself under the rule of law cannot permit its citizens to pick and choose which among the laws they will or will not obey, at least if that society is to long endure." United States v. Puccio, 812 F. Supp. 2d 105, 109 n.7 (D. Mass. 2011).

where he had the "ability to comply with the [Court's] Order and [was] simply refusing to do so"); United States v. Lyon, No. 94-4379, 1997 WL 669961, at *1-4 (C.D. Cal. Mar. 12, 1997) (granting the Government's motion for contempt against defendant who argued, inter alia, that "although he was a citizen of the State of California, he was not a 'citizen of the United States'" and who thus refused to comply with an IRS summons).

      The Court accepts Mr. Amabile's representation that "there is no evidence in the record which would indicate or tend to prove that witness Amabile is a flight risk or that he would not attend any contempt hearing that may be scheduled in the future." (Dkt. No. 46 at 4.) Therefore, the Court will not at this time order a warrant for Mr. Amabile's arrest that would require the United States Marshal or any other law enforcement agent to bring him before the court for the scheduled civil contempt hearing. If Mr. Amabile does not, however, appear in Court as ordered, I will have no choice but to enter a warrant for his arrest, as is allowed under 26 U.S.C. §7604(b) (providing the Court may "issue an attachment . . . for the arrest of" a person who fails to obey an IRS summons").

      An appropriate Order follows.