IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | : | |
| MATTHEW LOPES REVENUE | : | |
| OFFICER, INTERNAL REVENUE | : | CIVIL ACTION No. 11-6591 |
| SERVICE | : | CIVIL ACTION No. 11-6592 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. AMABILE | : | |
| | : | |

O'NEILL, J.                                                                  June 26, 2012

## MEMORANDUM

Defendant Michael J. Amabile has admitted that he "was a nontaxpayer" "with respect to years 2004, 2005, 2006, 2007, 2008, 2009, and 2010, inclusive" and asserts that during those years he was not obligated to pay taxes.  As a result of his nonpayment of taxes, he was served with Internal Revenue Service summonses on May 11, 2011.  He failed to comply with the summonses and the Government filed the above-captioned summons enforcement actions.  "A summons should be enforced if it was issued in good faith (i.e., not solely in order to gain evidence for a criminal prosecution) and prior to any IRS recommendation for prosecution." United States v. Harper, 397 F. Supp. 983, 991 (E.D. Pa. 1975).  The Government established that its investigation of Mr. Amabile's income and tax payments would be conducted pursuant to a legitimate purpose – collection of any outstanding tax liabilities owed by Mr. Amabile, that its inquiry would be relevant to that purpose, that it did not already possess the information sought and that it had followed the administrative steps required by the Internal Revenue Code.  See United States v. Powell, 379 U.S. 48, 57–58 (1964); see also United States v. Garden State Nat'l Bank, 607 F.2d 61, 68 (3d Cir. 1979) ("The requisite showing is generally made by affidavit of

the agent who issued the summons and who is seeking enforcement."); <u>United States v. Lawn Bldrs. of New Eng.</u>, 856 F.2d 388, 392 (1st Cir. 1988) ("Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case.").

On December 20, 2011, at a show cause hearing, the Court rejected Mr. Amabile's arguments that he need not comply with the IRS summonses because : (1) he is not "a person liable for tax," (2) he is not a citizen of the United States for purposes of the tax laws and/or that he lives on non federal land, and (3) that any income he makes is not subject to tax and/or that the income tax is unconstitutional, finding such arguments to be frivolous, without merit, and uniformly rejected by the Courts.  After the hearing, an Order was entered requiring Mr. Amabile to compile all responsive documents, to produce to IRS officer Matthew Lopes all documents that Mr. Amabile believed to be non-privileged and to produce to the Court for in camera review a log describing each document that Mr. Amabile believed to be protected by the Fifth Amendment along with the documents claimed to be privileged so that the Court could make a determination as to whether Mr. Amabile must provide to the Government any or all of the documents claimed to be privileged.  The Order was read in open court while Mr. Amabile was present and Mr. Amabile received a copy of the Order.

Mr. Amabile requested extensions of time to produce the logs and documents on two occasions.  The Court granted Mr. Amabile's requests for extensions on two occasions, granting him until March 12, 2012 to comply with the Court's Order of December 20, 2011.  Mr. Amabile was advised that no further extensions would be granted.

Instead of producing the documents as required by the Court's Order, Mr. Amabile filed a

number of pleadings in which he continued to challenge the authority of the IRS to tax any of his income.  The Court considered the arguments in Mr. Amabile's pleadings and found them to be without merit.  On April 12, 2012, the Court entered an Order that required Mr. Amabile to comply with the terms of the Court's prior Order on or before April 20, 2012 and warned him that his failure to comply with the Court's Order could lead to a finding of civil contempt.  Mr. Amabile has stipulated that he received a copy of the Court's Order of April 12, 2012.

Mr. Amabile did not comply with the Court's Order within the allotted time.  Instead, he filed the following three pleadings that were docketed on April 20, 2012:  (1) Defendant's 2nd Affidavit and Verification Regarding His Verified Demand For Proof of IRS' Jurisdiction (Dkt. No. 41); (2) Defendant's April 10, 2010 Letter Addressed to the Court Requesting that the Court Disclose to the Defendant All Facts That the Court Has Taken Silent Judicial Notice of, and the Day and Month When Said Silent Judicial Notice Was Taken By the Court (Dkt. No. 39); and (3) Defendant's Request for the Court's Clarification Regarding the Term "United States of America" and the Term "United States."  (Dkt. No. 40.)

On May 14, 2012, the Government filed a Motion to Enforce a Court Order, asking the Court to exercise its power pursuant to 26 U.S.C. § 7604(b), which allows the Court, when faced with a person who has not complied with an IRS summons, "to issue an attachment . . . for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case . . . to enforce obedience to the requirements of the summons and to punish such person for his default and disobedience."  26 U.S.C. § 7604(b).  The Government's motion attached as exhibits both Orders now at issue and was served on Mr. Amabile via federal express overnight mail and first class mail.

In pleadings he filed on May 29, subsequent to the Government's filing of its Motion to Enforce a Court Order, Mr. Amabile reasserted arguments consistent with those that the Court had rejected in its prior Orders including, inter alia:  (1) that the Assistant U.S. Attorneys who represent the Government lack "lawful delegated authority to appear on behalf of Lopes and the IRS" (Dkt. No. 49 at 3); (2) that his "constitutional right to pursue his personal liberty and happiness, by entering into private contracts to sell his private labor, in order to support his family, cannot be impaired taxed or abrogated by the Plaintiffs, their alleged attorneys, or by the Court" (Dkt. No. 45 at 26); (3) that the Court lacks jurisdiction because he "was domiciled without the federal territory that comprises the judicial district for the United States District Court for the Eastern District of Pennsylvania"  (Dkt. No. 45 at 3); and (4) that he did not receive proper prior notice that his non-lawyer "Power of Attorney" could not speak on his behalf at the show cause hearing in this matter.  (Dkt. No. 49 at 4.)

On June 4, 2012, the Court found that Mr. Amabile's arguments did not provide him with a legitimate basis for failing to comply with the Court's Orders or the IRS's summonses,denied Mr. Amabile's various pleadings, granted the Government's motion and ordered Mr. Amabile to appear for a hearing to show cause why he should not be held in civil contempt of the Court, incarcerated and/or ordered to pay a daily fine until he complies with the Court's December 20, 2011 and April 12, 2012 Orders.  The Court warned Mr. Amabile that if, at the hearing, he was unable to provide the Court with a valid basis for failing to comply with the Court's Orders and for not producing the information required by the IRS's summonses, the Court will have no choice but to order that Mr. Amabile be held in civil contempt.  Counsel for the Government sent the Court's June 4, 2012 order to Mr. Amabile on June 5, 2012 by federal express overnight mail

-4-

along with copies of the Court's Orders of December 20, 2011 and April 12, 2012.

On June 18, 2012, Mr. Amabile filed with the Court a letter in which he claimed that he did not possess any documents responsive to the IRS summonses.  His letter explains that:

> All of the documents sought by the summons [in case 11-06591], makes [sic] the assumption that I had a tax liability imposed on me by some as yet, unidentified law and that I am a taxpayer.  Since I have been unable to identify any law and implementing regulation that makes me a "taxpayer" liable for paying subtitles A & C income taxes, and the IRS and Mr. Lopes have steadfastly refused to identify the law and implementing regulations published in the Federal Register and in 26 CFR, that supposedly imposed a legal liability on me to make and sign IRS Form 1040 and pay subtitles A & C income taxes; it necessarily follows that I do not possess or have any documents responsive to the IRS summonses.

Dkt. No. 52 at 3, ¶ 10.  Likewise, his letter argues that

> with respect to the summons related to civil case 11-06592, it requests "All documents and records in your possession or control reflecting the receipt of taxable income by you for the years . . . 2007, 2008, 2009, and 2010 . . . "  The operative phrase here is "taxable income".  I do not have knowledge of any statute and related implementing regulation that was published in the Federal Register and in 26 CFR, which imposed an income tax liability on me.  Therefore, I did not have any "taxable income".  Consequently, I do not have, possess or control any documents responsive to the IRS summons in civil case 11-06592.

Id. at 4, ¶ 13.

On June 21, 2012, Mr. Amabile had a meeting with Revenue Officer Matthew Lopes.  At the meeting Mr. Amabile asserted, inter alia, that he was excused from compliance with the summonses under his Fifth Amendment privilege against self-incrimination.  As the Court has already recognized in these matters, it is not enough for Mr. Amabile to set forth a blanket assertion of his Fifth Amendment rights.  See United States v. Allshouse, 622 F.2d 53, 57 (3d

Cir. 1980).  He must assert his claimed privilege on a document-by-document or

question-by-question basis.  Id. at 56.  This requirement serves a dual purpose: "First, it helps the

court in making an assessment of whether the privilege is justified with respect to the particular

question being asked. Additionally, it prevents the taxpayer from using a blanket claim of

privilege as a shield for unprivileged evidence of wrongdoing."  Id.  "

> The Fifth Amendment privilege is a personal one which adheres to
> the person, not to information which might incriminate him. . . . As
> such, even when the taxpayer has possession of documents
> prepared by another, a summons to produce such papers is not
> subject to a Fifth Amendment objection unless the act of producing
> the documents is actually testimonial. . . .  And the testimonial
> threshold is not crossed simply by turning over, and thereby
> acknowledging the existence of, papers that a defendant would like
> to keep from revenue agents.

United States v. Burgess, No. 98-2465, 1999 WL 46625, at *1 (E.D. Pa. Jan. 7, 1999), citing

Braswell v. United States, 487 U.S. 99 (1988), and Fisher v. United States, 425 U.S. 391, 408

(1976), and Couch v. United States, 409 U.S. 322, 328 (1973).

Mr. Amabile "is entitled to narrowly exercise the Fifth Amendment privilege as to any

disclosure that, *by the act of production itself*, would result in his being compelled to testify

against himself."  U.S. v. Worley, No. 09-142, 2009 WL 2496365, at *3 (M.D. Pa. Aug. 14,

2009) (emphasis in original).  The Court, however, cannot make a determination as to whether

Mr. Amabile can make a valid exercise of his Fifth Amendment privilege absent his compliance

with the Orders that require him to submit to the Court for in camera review a log describing

each document that Mr. Amabile believes to be protected by the Fifth Amendment along with the

documents claimed to be privileged so that the Court can determine as to each document whether

Mr. Amabile has a legitimate Fifth Amendment concern.

Absent Mr. Amabile's prior compliance with the Court's Orders, the Court conducted a hearing on the Government's motion to enforce on June 26th.  At the hearing the Government was required to prove by clear and convincing evidence that valid court orders existed, that Mr. Amabile had knowledge of the orders, and that Mr. Amabile disobeyed the orders.  See Roe v. Operation Rescue, 919 F.2d 857, 868-69 (3d Cir. 1994).  The government readily met its burden. The United States requested that Mr. Amabile be found in contempt for failing to comply with the Court's Orders of December 20, 2011 and April 12, 2012.

The burden then shifted to Mr. Amabile to raise a defense on an appropriate ground. "Legal defenses to civil contempt include substantial compliance with the order, defined as having taken all reasonable steps to comply with the court order."  United States v. Lopez, 08-00752, 2010 WL 716163, at *4 (E.D. Cal. Mar. 1, 2010), citing Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 466 (9th Cir. 1989).  The Court asked Mr. Amabile to explain why he has not provided the requested documents and testimony, as required to comply with the Court's December 20, 2011 and April 12, 2012 Orders.  Mr. Amabile reiterated many of the arguments made in his previous filings with the Court, including an argument that documents responsive to the IRS summonses do not exist because he is not a taxpayer and therefore any documents in his possession do not contain information pertaining to his taxable income.

"A contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed; it does not permit a retrial of the original controversy or an assertion of lack of possession at the time the order was made."  United States v. Lopez, 08-00752, 2010 WL 716163, at *4 (E.D. Cal. Mar. 1, 2010).  Further, these arguments remain without merit.  See, e.g., In re Weatherly, 169 B.R. 555, 558 (Bankr. E.D. Pa. 1994); see also

Cheek v. United States, 498 U.S. 192, 195, 204 (1991) (characterizing as frivolous tax protestor's arguments that he is not a taxpayer and that the tax code is unconstitutional); United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) (finding that tax protestor arguments such as those made by Mr. Amabile, when made on appeal are "frivolous squared"); United States v. Connor, 898 F.2d 942, 944 (3d Cir. 1990) (finding that "wages are income within the meaning of the Sixteenth Amendment" and viewing arguments to the contrary as "frivolous"); Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (characterizing as meritless the argument that the IRS and its employees "have no power or authority to administer the Internal Revenue laws"); Denison v. Comm'r, 751 F.2d 241, 242 (8th Cir. 1984) (finding frivolous taxpayer's claims that wages are not income, income tax is unconstitutional and the tax court lacked jurisdiction).

I conclude that the Government has proven by clear and convincing evidence that: (1) the Court's Orders of December 20, 2011 and April 12, 2012 are valid; (2) Mr. Amabile had knowledge of the Orders; and (3) Mr. Amabile willfully disobeyed the Orders.  I find that Mr. Amabile has no valid basis for disobeying the Court's Orders, that he is in civil contempt and that the Government's motion to enforce should be granted.  See United States v. Riewe, 676 F.2d 418, 421 (10th Cir. 1982) ("A taxpayer's failure to show cause . . . will justify the entry of a civil contempt order.").  Mr. Amabile has demonstrated a stubborn resistance to complying with federal tax laws and the Court's Orders and is unlikely to cooperate with IRS agents or to comply with the summonses without being compelled to do so.

I will order Mr. Amabile to comply with the May 11, 2001 IRS Summonses and appear before the plaintiff revenue officer or his designee, and bring with him all non-privileged

responsive documents in his possession, custody or control no later than July 9, 2012.  To the extent that Mr. Amabile believes that certain of those documents are protected by the Fifth Amendment, he shall, no later than July 9, 2012, produce to the Court those documents along with a privilege log identifying each such document so that the Court may make a determination as to whether he must provide to the Government any or all of the documents in question;

      If Mr. Amabile does not comply with the IRS summonses or this Court's Orders, it will be necessary to take Mr. Amabile into federal custody.  See 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, . . . as . . . (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.").  "It is with the greatest reluctance that the court will order a citizen held in custody for the violation of a civil order . . . .  That said, a society that governs itself under the rule of law cannot permit its citizens to pick and choose which among the laws they will or will not obey, at least if that society is to long endure."  United States  v. Puccio, 812 F. Supp. 2d 105, 109 n.7 (D. Mass. 2011).  If the United States Attorney's Office certifies that Mr. Amabile has failed to appear before the plaintiff revenue officer on or before July 9, 2012 and Mr. Amabile has not produced to the Court any documents that he believes to be subject to privilege under the Fifth Amendment, then the Court will issue a warrant to the United States Marshal to arrest Mr. Amabile.  Upon such arrest, Mr. Amabile shall be committed to the custody of the U.S. Marshal for this District for confinement at the Federal Detention Center in Philadelphia, or such other federal facility as may hereafter be determined by the Bureau of Prisons to be more suitable.

      Mr. Amabile will be held in custody until further order of Court to be entered when Mr.

purges himself of contempt.  Mr. Amabile may purge his contempt by complying with the IRS summonses by having his designee appear before the plaintiff revenue officer or his designee and produce all non-privileged documents responsive to the May 11, 2011 IRS summonses in Mr. Amabile's possession, custody or control and/or by providing to the Court all documents for which he claims a privilege along with a privilege log identifying each such document so that the Court may make a determination as to whether he must provide to the Government any or all of the documents in question.

I will require the Government to report to the Court the status of its efforts to obtain Mr. Amabile's compliance on a weekly basis.  The United States or Mr. Amabile shall immediately inform the Court when Mr. Amabile has complied with the Court's Orders.

An appropriate Order follows.